United States District Court
Southern District of Texas
**ENTERED**
February 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Ronald Darnell Cephus, Jr., §<br>Petitioner, §<br>§<br>v. §<br>§<br>Lorie Davis, §<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>Respondent. § | Civil Action H-19-4527 |

# Memorandum and Recommendation

Ronald Darnell Cephus, Jr. has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## 1. Background

According to the petition, Cephus is serving a sentence in the O.B. Ellis Unit of the Texas Department of Correctional Justice for a 2005 conviction. (D.E. 1 at 2, 5.) On May 24, 2019, he was found guilty of a disciplinary violation for attempting to establish inappropriate relationship with staff. *Id.* at 5. As punishment, Cephus lost 30 days of good-time credit and other privileges, including 45 days of offender telephone system, 45 days of recreation, and 60 days of commissary. *Id.* His line class was reduced from S4 to Line 2. *Id.* Cephus argues that the disciplinary charge violated his constitutional rights. *Id.* at 6–7.

## 2. Analysis

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him

or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357, at *1 (E.D. Tex. Dec. 19, 2017).

A Texas prisoner may have a liberty interest in his good-time credits if he is eligible for release on mandatory supervision. *Malchi*, 211 F.3d at 957–58. If the prisoner is not eligible for release on mandatory supervision, he can only apply his good-time credits toward eligibility for parole. Tex. Gov't Code Ann. § 498.003. There is no constitutional expectancy of parole in Texas because "it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). It follows that the prisoner who is not eligible for release on mandatory supervision has no constitutionally protected interest in his good-time credits. *Id.*

Cephus states that he is not eligible for mandatory supervision. (D.E. 1 at 5.) Thus, Cephus was not deprived of a constitutional right when he lost 30 days of good-time credit.

Cephus's line-class status and other privileges are not interests protected under the Constitution. Even inmates eligible for mandatory supervision may not ultimately earn the full measure of good time credit available at a higher time-earning status, and thus there is no constitutionally protected right to be in any particular time-earning class. *Malchi*, 211 F.3d at 959. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d at 767 (5th Cir. 1997). The loss of privileges constitutes only a change in the conditions of confinement, not the length of confinement, which does not implicate due process concerns. *Marx v. Stephens*, No. H-14-03193, 2014 WL 6453610, at *3 (S.D. Tex. Nov. 17, 2014).

Cephus has not established that the punishment he received for the disciplinary charge deprived him of a constitutionally protected liberty interest. Habeas relief is not available.

To the extent that Cephus alleges he was subject to unconstitutional conditions of confinement or prison procedures, a federal civil rights action is the proper vehicle to seek appropriate relief. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). If Cephus intends to pursue his civil rights claims, he must file a new action under 42 U.S.C. § 1983.

*3. Conclusion*

The court recommends that Cephus's petition for writ of habeas corpus be denied with prejudice as to his challenge to the prison disciplinary proceeding because he has not established a constitutional violation. Because reasonable jurists would not find the court's assessment of Cephus's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 27, 2020.

Peter Bray
United States Magistrate Judge